FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 29 2014

JAMES W. McCORMACK, CLERK
By:_____ *sow*
DEP CLERK

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| PATRICIA Y. DAWSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| H & H ELECTRIC, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

Civil No. 4:14 cv 583 Sww

**This case assigned to District Judge Wright**
**and to Magistrate Judge Kearney**

## COMPLAINT

Plaintiff Patricia Y. Dawson brings this action against Defendant H & H Electric, Inc. to remedy sex discrimination in employment.

## NATURE OF THE ACTION

1.      Plaintiff, who worked as an electrical apprentice for Defendant, was terminated from employment because of her gender transition.

2.      Defendant has violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, by terminating Plaintiff's employment because of her sex and because she was perceived to fail to conform to sex stereotypes.

## JURISDICTION AND VENUE

3.      This case arises under the laws of the United States and presents a federal question within this Court's jurisdiction under 28 U.S.C. §§ 1331 and 1343 and under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3).

4.      Plaintiff's claim for declaratory relief is authorized by the Declaratory Judgment Act, 28 U.S.C. § 2201.

5.      This Court has personal jurisdiction over Defendant because Defendant's corporate headquarters are located in Hot Springs, Arkansas and because Defendant does business throughout this judicial district and the State of Arkansas.

6.      Venue is proper in this judicial district under 42 U.S.C. § 2000e-5(f)(3) because Defendant's unlawful employment practice is alleged to have been committed in this judicial district and because Plaintiff would have worked in this judicial district but for Defendant's alleged unlawful acts.

7.      Venue is also proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this judicial district.

## PARTIES

8.      Plaintiff Patricia Y. Dawson is a licensed journeyman electrician who was formerly employed by Defendant.  She is a resident of White County, Arkansas.

9.      Defendant H & H Electric, Inc. is an Arkansas corporation with its headquarters in Hot Springs, Arkansas.

## EXHAUSTION OF ADMINISTRATIVE REQUIREMENTS

10.     On February 25, 2013, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") based on the termination of her employment with Defendant in violation of Title VII's prohibition on sex discrimination.  The EEOC issued a notice of suit rights on June 30, 2014, which Plaintiff received on or after July 3, 2014.  This action was filed on September 29, 2014, within the required time limits.

11.     All other prerequisites to the filing of this suit have been met.

## FACTUAL BACKGROUND

12.   Plaintiff earned an associate's degree in electronics in 1989. She had more than ten years of experience as an industrial electrician prior to her work with Defendant.

13.   Plaintiff was hired as a registered electrical apprentice with Defendant in 2008. Over the next four years, she worked for Defendant on several job sites. Her work was highly regarded by her supervisors and co-workers. In 2009, she was selected to serve as project foreman for a job at Porocel Industries in Little Rock, Arkansas. Plaintiff successfully oversaw the completion of that project.

14.   At the time Plaintiff was hired by Defendant, she was using her birth name, Steven, and presenting as male.

15.   Plaintiff's assigned sex at birth was male, but over time she came to understand that the gender designation assigned to her at birth does not conform to her gender identity and was diagnosed with gender dysphoria.

16.   Gender dysphoria, previously known as gender identity disorder, is the medical diagnosis given to individuals whose gender identity – their innate sense of being male or female – differs from the sex they were assigned at birth.

17.   As part of her treatment for gender dysphoria, Plaintiff began the process of transitioning from male to female.

18.   Initially, Plaintiff did not discuss her transition at work or wear overtly feminine clothes or makeup and she continued to use the name Steven.

19.   On June 21, 2012, Plaintiff had her name legally changed to Patricia Yvette Dawson.

20.     The next day, June 22, 2012, Plaintiff informed Defendant's vice-president, Marcus Holloway ("Holloway"), that she had legally changed her name because she is a transgender woman.  Plaintiff showed Holloway her new driver's license, which bore the name Patricia Yvette Dawson and the gender marker "F."  Holloway's response was to tell her that she was one of his best people and that he would hate to lose her.  He told her he needed the weekend to think about what to do.

21.     The following week, Holloway instructed Plaintiff to complete a new set of employment forms in her legal name but not to use her legal name or discuss her transition with other employees of Defendant or the client company where she was working.  At that time, Plaintiff was assigned to a job site at Remington Arms Company ("Remington") in Lonoke, Arkansas.

22.     In July 2012, Plaintiff learned that some of Defendant's employees on the Remington job site were discussing the fact that her name had changed to Patricia and that she is transgender.  Plaintiff informed Holloway that she was not the source of the information and asked if she could use her legal name at work given that others already knew about it.  Holloway refused and told her not to rock the boat because they were guests at Remington.

23.     During the summer of 2012, Plaintiff discovered that her electrical work at the Remington job site had been sabotaged on two occasions, one of which could have caused an electrical panel to explode and result in injury or death.  She also discovered that someone wrote "Ass" on a trash can Plaintiff had labelled "Trish's Trash."  Plaintiff reported these incidents to Holloway.

24.     In late August 2012, a Remington employee approached Plaintiff and told her he knew that the name on her driver's license is not what everyone calls her and asked her how she

4

would like to be addressed.  Plaintiff responded that she would like to be called Patricia, Trisha, or Trish.

25.     Plaintiff informed Holloway about her conversation with the Remington employee regarding her name. Holloway's reaction was to repeat that they were guests at Remington and not to rock the boat. Holloway also told Plaintiff that people on the site were constantly talking to him about her and asking questions about her and that they needed to lie low.

26.     During the same conversation, Plaintiff asked Holloway if she could wear a bra to work at the Remington job site because she needed the support.  Holloway responded that he did not want Plaintiff to wear a bra because it would make her breasts too obvious.

27.     Beginning the week of September 7, 2012, Plaintiff started to wear makeup and more obviously feminine clothing to work.  She also wore a bra despite Holloway's objection.

28.     On or about September 15, 2012, Holloway said to Plaintiff, "Are you trying to drive me into early retirement?"  He said he couldn't get anything done because people kept coming up to him and talking about her.  He then asked Plaintiff if she had worn a low-cut blouse to work.  Plaintiff explained that she wore a blouse, but that it was not inappropriate.

29.     During the same conversation, Holloway asked Plaintiff, "What do you want out of this?"  Plaintiff responded that she is a woman and just wanted to be able to dress and act like the woman she is.  Holloway responded, "Well, if you are looking for attention, you are getting it."

30.     On September 17, 2012, Plaintiff was training another employee to build control panels. The other employee asked Plaintiff if she was allowed to use her legal name to sign in to work at the Remington job site and Plaintiff replied that she was required to use her former

name, Steven. The other employee then commented that that could be falsification of identity and present a liability issue. Plaintiff agreed.

31.     That afternoon, Holloway came to Plaintiff's work area at the Remington job site and said to her, "I'm sorry, Steve, you do great work, but you are too much of a distraction and I am going to have to let you go."

32.     Holloway said he could not get anything done with people constantly coming up to him and commenting about Plaintiff, and he expressed concern about losing Defendant's contract with Remington because of it. He also mentioned that he heard about Plaintiff's conversation with the other employee regarding Plaintiff's name. Holloway asked Plaintiff if she had threatened to sue Remington, and she said no and told him what was actually said during the conversation.

## COUNT
### (Title VII – Sex Discrimination)

33.     Plaintiff incorporates by reference the allegations in all preceding paragraphs.

34.     Plaintiff was highly qualified for the position of electrical apprentice, as reflected in part by the fact that she held the position for four years.

35.     Defendant terminated Plaintiff's employment after she began to dress in traditionally feminine attire and the fact that she is transgender became apparent.

36.     Defendant terminated Plaintiff's employment because of her gender transition.

37.     Defendant terminated Plaintiff's employment either because it perceived Plaintiff to be a man who did not conform to gender stereotypes associated with men in our society or because it perceived Plaintiff to be a woman who did not conform to gender stereotypes associated with women in our society.

6

38.  Sex is not a bona fide occupational qualification for the position of electrical apprentice.

39.  Defendant's actions violated Title VII of the Civil Rights Act of 1964.

40.  Defendant's actions were taken either with malice or with reckless indifference to Plaintiff's rights under law.

41.  As a result of Defendant's discriminatory conduct, Plaintiff has been denied compensation and benefits to which she would have been entitled absent discrimination and has suffered emotional distress and other compensable damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against Defendant and award the following relief:

1.  Declaratory relief, including but not limited to a declaration that Defendant's actions violate Title VII;

2.  Appropriate injunctive relief, including but not limited to reinstatement and an order restraining Defendant from engaging in further discriminatory conduct of the types of which Plaintiff complains herein;

3.  Back pay and benefits in amounts to be determined at trial;

4.  In the event reinstatement is not granted, front pay;

5.  Compensatory and consequential damages, including for emotional distress;

6.  Punitive damages;

7.  Costs incurred, including reasonable attorney's fees to the extent allowable by law;

8.  Pre-judgment and post-judgment interest at the highest lawful rate; and

9.     Such other and further relief as the Court deems just and proper.

Dated: September 29, 2014                    Respectfully submitted,

John Burnett (Arkansas Bar No. 77021)
Lavey and Burnett
904 West 2nd Street
Little Rock, Arkansas 72201
Telephone: (501) 376-2269
E-mail: jburnett@laveyandburnett.com

Leslie Cooper
Ria Tabacco Mar*
American Civil Liberties Union
  Foundation
125 Broad Street
New York, New York 10004
Telephone: (212) 549-2627
E-mail: lcooper@aclu.org
        rmar@aclu.org

* *application for admission pro hac vice*
  *forthcoming*


*Attorneys for Plaintiff*

8

9.      Such other and further relief as the Court deems just and proper.

Dated: September 29, 2014

Respectfully submitted,

John Burnett (Arkansas Bar No. 77021)
Lavey and Burnett
904 West 2nd Street
Little Rock, Arkansas 72201
Telephone: (501) 376-2269
E-mail: jburnett@laveyandburnett.com
*On behalf of the Arkansas Civil Liberties Union
    Foundation, Inc.*

Leslie Cooper
Ria Tabacco Mar*
American Civil Liberties Union
  Foundation
125 Broad Street
New York, New York 10004
Telephone: (212) 549-2627
E-mail: lcooper@aclu.org
          rmar@aclu.org

* *application for admission pro hac vice
    forthcoming*


*Attorneys for Plaintiff*

8