UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

| | |
|---|---|
| PATRICIA Y. DAWSON, ) | |
| ) | |
| Plaintiff, ) | No. 4:14-cv-00583-SWW |
| ) | |
| v. ) | |
| ) | |
| H & H ELECTRIC, INC., ) | |
| ) | |
| Defendant. ) | |

## PROTECTIVE ORDER

The parties to this action have entered into a Stipulation for Protective Order in order to safeguard information that is confidential, as defined below, in the course of discovery in and litigation of this action.

IT IS HEREBY ORDERED that the parties shall follow the procedures set forth below with respect to information, documents, or other things or otherwise disclosed in this litigation:

(1) <u>Confidential Information</u>: "Confidential Information" means information subject to federal or state privacy rights, including sensitive personal information such as personnel records; defendant's non-public business/financial information otherwise relating to its revenues, taxes, customers, or other non-parties to this litigation; any other information which either party reasonably believes to qualify for protection within the parameters evidenced hereby.

(2) <u>Exercise of Care in Designating Confidential Information</u>: Each party or non-party that designates Confidential Information under this Order must take care to limit any

such designation to specific material or parts of material that the party reasonably believes to qualify for protection.

(3) <u>Manner and Timing of Designations</u>: Designation in conformity with this Order requires that the producing party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains Confidential Information. Material that qualifies for protection under this order should be clearly so designated before the material is disclosed or produced. Provided however, that in the event that information which, through inadvertence or otherwise, does not contain such "Confidential" legend is subsequently identified by the producing party as "Confidential Information", written notification thereof shall be given to the receiving party as quickly as reasonably possible.

(4) <u>Challenging Confidentiality Designations</u>: Nothing in this Order shall prevent a receiving party from challenging a producing party's designation of specific material as Confidential Information and, if the producing party does not remove the designation on request, asking this Court to remove the designation.

(5) <u>Disclosure of Confidential Information</u>: Confidential Information shall be used only for the purpose of this litigation and for no other purpose whatsoever, and shall not be given, shown, made available, or distributed in any way except:

(a) with the prior written consent of the producing party, or pursuant to further order of this Court, or on motion with notice to the producing party; or

(b) to "Qualified Persons," who shall be defined to include:

(i) The parties;

(ii) The parties' counsel in this action and their authorized secretarial and paralegal staff and other employees;

(iii) The Court and court personnel, deposition officers, court reporters, and videographers used in connection with this action;

(iv) Employees of outside copying, printing, binding, litigation, support, mediators, or computer input services used in connection with this action;

(v) Outside experts and/or consultants retained by counsel for the purpose of assisting in the preparation of this case;

(vi) Deposition witnesses; and

(vii) Such other persons as the parties may agree or may be ordered by the Court.

(c) Any party who discloses Confidential Information to Qualified Person(s) defined in subsections (i), (iv), (v), (vi), and (vii) must, prior to disclosure, inform the Qualified Person(s) that the material is confidential and obtain agreement in writing from the Qualified Person(s) that the Qualified Person(s) will not disclose the Confidential Information.

(6) <u>Filing Confidential Information</u>: If any party wishes to use material designated as Confidential Information as an exhibit to a motion or other attachment to a submission to this Court, that party must submit a written application for leave to file under seal the material designated as Confidential Information.

(7) <u>Use of Confidential Information at Trial</u>: If this case goes to trial and any party intends to use, as trial exhibits or otherwise, material designated as Confidential Information, the parties will consult in advance of trial to make appropriate

3

arrangements to safeguard the confidentiality of such material. Nothing in this Order shall be construed to affect in any way the admissibility of any documents, testimony, or other evidence at trial, nor constitute a waiver of any objection thereto.

(8) <u>Duration</u>: The confidentiality obligations imposed by this Order shall remain in effect through the duration of this litigation or until the party that produced the Confidential Information at issue agrees otherwise in writing or a court order otherwise directs.

(9) <u>Final Disposition</u>: At the conclusion of this action, including all appeals, each receiving party shall return all copies of any Confidential Information to the producing party. With permission in writing from the producing party, the receiving party may destroy some or all of the Confidential Information instead of returning it. Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential Information remain subject to this Order.

                                                      _____
                                                      Honorable Susan Webber Wright
                                                      United States District Judge

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

        By: /s/ John L. Burnett

        John Burnett (Arkansas Bar No. 77021)
        Lavey and Burnett
        904 West 2nd Street
        Little Rock, Arkansas 72201
        Telephone: (501) 376-2269
        E-mail: jburnett@laveyandburnett.com
        *On behalf of the Arkansas Civil Liberties Union Foundation, Inc.*

        Ria Tabacco Mar*
        Leslie Cooper
        American Civil Liberties Union
         Foundation
        125 Broad Street
        New York, New York 10004
        Telephone: (212) 549-2627
        E-mail: rmar@aclu.org
                lcooper@aclu.org

        * *admitted pro hac vice*

        *Attorneys for Plaintiff*


        By: /s/ William P. Dougherty
        William P. Dougherty  (AR Bar # 73028)
        Attorney at Law
        3115 Kavanaugh Blvd.
        Little Rock, AR  72205
        501-366-2125
        Bill_2008@comcast.net

        Sam Strange
        Hosto & Buchan, PLLC
        701 W. 7th St.
        Little Rock, AR  72201
        501-320-0950
        sstrange@hosto.com


        *Attorneys for Defendant*